## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Settlement Agreement") is made and entered into by and among Duracell U.S. Operations, Inc. and Duracell Distributing, Inc., both Delaware corporations located at 181 W. Madison Street, Chicago, IL 60602 (collectively, "Duracell"), on the one hand, and K R Trading LLC, located at 3 Kellogg Court, Edison, NJ, 08817 ("KR"), on the other hand. Duracell and KR may each be referred to herein as a "Party," and collectively as the "Parties." This Settlement Agreement shall be deemed effective as of the date it becomes fully executed below ("Effective Date").

## RECITALS

WHEREAS, Duracell is a manufacturer and worldwide distributor of alkaline batteries, including batteries authorized for sale directly to customers in the United States, as well as batteries that are intended to be sold solely in foreign retail markets and/or to Original Equipment Manufacturers ("OEMs");

WHEREAS, Duracell has registered numerous trademarks with The United States Patent and Trademark Office with respect to its brand and products, including, but not limited to, DURACELL® (U.S. Trademark Reg. Nos. 793,273; 3,144,722; 3,082,884; and 3,082,777), DURALOCK® (U.S. Trademark Reg. No. 4,192,026), and the highly distinctive and well-known "coppertop" design (U.S. Trademark Reg. Nos. 1,039,589; 1,144,787; and 1,152,937) (collectively, the "Duracell Trademarks");

WHEREAS, KR has sold and distributed certain batteries which Duracell contends are counterfeit and infringe the Duracell Trademarks;

WHEREAS, on November 28, 2017, Duracell filed a Complaint against KR in the United States District Court for the Eastern District of New York in an action captioned *Duracell U.S. Operations, Inc. v. K R Trading LLC* (Case No. 2:17-cv-06923-DRH-AYS), asserting claims for trademark infringement, trademark counterfeiting, trademark dilution, false designation of origin, and unfair competition in violation of the Lanham Act; trademark dilution and deceptive acts and practices in violation of the New York General Business Law; and trademark infringement, unfair competition, and unjust enrichment in violation of the common law of the State of New York, arising from KR's sale and distribution of counterfeit products in violation of Duracell's trademark rights (the "New York Action").

WHEREAS, on April 11, 2018, KR produced all documents regarding its purchase and sale of Duracell products (the "Document Production") ;

WHEREAS, KR represents and warrants that its Document Production identified all of its sources of Duracell-branded batteries as CHENG SHANG YI INC;

1

WHEREAS, the Parties deny and dispute all claims asserted against them, and have decided to enter into this compromise and Settlement Agreement to fully resolve all claims and disputes between them on the terms set forth below.

## AGREEMENT AND RELEASES

NOW, THEREFORE, in consideration of the premises and of the mutual agreements, promises, and covenants hereinafter set forth, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Duracell and KR respectively and mutually promise, agree, and covenant as follows:

1. <u>Unauthorized Duracell Batteries.</u> The Parties acknowledge that for the purposes of this Agreement, the term "Unauthorized Duracell Batteries" shall mean: (a) any products bearing any unauthorized reproduction, counterfeit, copy, or colorable imitation of any of the Duracell Trademarks; (b) all bulk-packaged (i.e., in large cartons with loose batteries) Duracell-branded batteries, including but not limited to, OEM batteries labeled "Original Equipment Accessory," "Not for Retail Sale," or other similar words indicating that the batteries are not intended for sale to retail customers; (c) batteries made by or for Duracell that are intended solely for industrial and professional use, labeled "Not for Retail Trade," "Professional," "Industrial," "PROCELL," or similar words indicating that the batteries are not intended for sale to retail customers; (d) batteries made by or for Duracell that are intended for sale only in foreign markets, as indicated by markings or labelling on the batteries or their associated packaging (at present indicated by a foreign manufacturing location in addition to one or more of the following: a lack of United States customer service contact information on product packaging; the presence of an image of a bunny, rabbit, or bear on product packaging or labelling, or the Duracell Ultra® trademark on the battery); and (e) any Duracell-branded batteries that have been repackaged or are otherwise being sold in any manner outside of their original retail packaging. KR agrees that should it have any question as to whether a particular product is an Unauthorized Duracell Battery for purposes of this Agreement, it will contact Duracell prior to purchasing or selling the product in question. Should KR purchase or sell Duracell-branded batteries without first contacting Duracell to confirm that such batteries are not Unauthorized Duracell Batteries, KR bears the risk that the purchase or sale of such batteries constitutes a breach of this Agreement, infringes the intellectual property rights of Duracell, and exposes KR to any and all remedies available to Duracell at law or in equity. Should Duracell not respond to a question as to whether a particular product is an Unauthorized Duracell Battery within ten (10) business days, KR may proceed on the understanding that such product is not an Unauthorized Duracell Battery. In questioning whether a particular product is an Unauthorized Duracell Battery or responding to such a question, neither party waives any rights to challenge the other party's position or seek appropriate remedies.

2. <u>Duracell's Release of KR.</u> Subject to and in consideration of the promises and mutual releases set forth herein, Duracell and all others claiming by or through it do hereby remise, release, hold harmless, acquit, satisfy and forever discharge KR of and from any and all claims, causes of action, liabilities, breaches of contract, defamation, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, promises,

damages of any sort including statutory or punitive, costs, attorneys' fees, judgments, liens, executions, interest, and demands, in law or in equity, contingent or liquidated, accrued or unaccrued, whether known or unknown, which it had or may have had against them arising out of or relating to KR's sale of Unauthorized Duracell Batteries bearing one or more of the Duracell Trademarks. This release specifically excludes any claims arising out of or relating to any claims brought by third parties not subject to this Settlement Agreement and not affiliated with Duracell. Duracell reserves the right to seek indemnification from KR for any third party's claim arising out of or relating to KR's use of one or more of the Duracell Trademarks.

3. <u>KR's Release of Duracell</u>. Subject to and in consideration of the promises and mutual releases set forth herein, KR and all others claiming by or through it do hereby remise, release, hold harmless, acquit, satisfy and forever discharge Duracell, and all of its owners, officers, directors, employees, representatives, and agents, of and from any and all claims, causes of action, third party claims, liabilities, breaches of contract, defamation, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, promises, damages of any sort including statutory or punitive, costs, attorneys' fees, judgments, liens, executions, interest, and demands, in law or in equity, contingent or liquidated, accrued or unaccrued, whether known or unknown, which it had or may have against Duracell arising out of or relating to KR's actual or prospective purchase or sale of products bearing one or more of the Duracell Trademarks.

4. <u>KR's Settlement Payment to Duracell</u>: Within five (5) days of the Effective Date of this Settlement Agreement, KR shall pay Duracell the sum of five hundred dollars ($500.00) by check made payable to Duracell.

5. <u>KR's Agreement to Refrain from the Advertisement and Sale of all Unauthorized Duracell Batteries, and Accounting of All Unauthorized Duracell Batteries in its Possession or Control</u>. KR agrees as follows:

(a) KR, including any employee or agent acting at its direction or on its behalf, shall not advertise, sell, or facilitate the advertisement or sale of, via the Internet or otherwise, any Unauthorized Duracell Batteries as of the Effective Date of this Settlement Agreement;

(b) KR, including any employee or agent acting at its direction or on its behalf, shall immediately cease the acquisition of and/or attempts to acquire any Unauthorized Duracell Batteries. Any intentional attempts by KR, including any employee or agent acting at its direction or on its behalf, to purchase for resale or facilitate the purchase of Unauthorized Duracell Batteries, are included within this provision; and,

(c) Concurrent with the execution of this Settlement Agreement, KR shall provide Duracell with an inventory of all Unauthorized Duracell Batteries in KR's possession, custody or control. Within five (5) days of the Effective Date, KR shall provide Duracell with proof of destruction of any Unauthorized Duracell Batteries remaining in its possession, custody or control as of the Effective Date of this Settlement Agreement; and,

6. <u>Entry of Consent Decree in the New York Action.</u> Within five (5) days of the Effective Date of this Settlement Agreement, Duracell shall file a Notice of Settlement and Motion for Entry of Consent Decree in the New York Action in the form attached as Exhibit A.

7. <u>Disputed Claims.</u> The Parties acknowledge that the preparation, execution, and/or delivery of this Settlement Agreement does not constitute an acknowledgement of, or agreement to, the validity of any claim or defense asserted by either one of the Parties, or any other person or entity, and does not constitute an admission of responsibility, obligation, and/or liability on the part of the Parties; rather, this Settlement Agreement is made solely for the purposes of settling the claims, controversies, and differences addressed herein.

8. <u>Consideration.</u> The Parties acknowledge that their agreements and obligations herein are provided in exchange for valuable consideration, including, but not limited to, Duracell's agreement to release its claims, as described in Paragraph 2, and KR's settlement payment and agreement to refrain from selling or purchasing Unauthorized Duracell Batteries as described in Paragraphs 4 and 5. The Parties acknowledge that all agreements and obligations herein are provided in exchange for valuable consideration. Each Party agrees that such consideration is fair, reasonable, and adequate in view of the disputes that exist.

9. <u>Assumption of Risk.</u> The Parties understand that in entering this Settlement Agreement, they each have covenanted and agreed to forever refrain and forbear from bringing, commencing or prosecuting any action, lawsuit or arbitration or proceeding against each other arising out of, or related to, the claims that are released under this Settlement Agreement. Each Party assumes the risk of the subsequent discovery or understanding of any matter, fact or law, which if known or understood would have affected in any respect the release that is provided by this Settlement Agreement.

10. <u>Authority.</u> Duracell and KR hereby represent and warrant that they have the full power, legal capacity and authority to enter this Settlement Agreement on behalf of themselves and all others claiming by or through them, as well as to perform the obligations under this Settlement Agreement and any document delivered in connection therewith.

11. <u>No Duress or Coercion.</u> Duracell and KR represent and warrant that they, independently, and without duress or coercion, have made the decision to enter this Settlement Agreement and that they have done so voluntarily.

12. <u>Severability of Provisions.</u> If any provision of this Settlement Agreement is held to be illegal or unenforceable, such provision will be limited or eliminated to the extent necessary so that the remainder of this Settlement Agreement will continue in full force and effect as an enforceable contract.

13. <u>Interpretation.</u> The Parties have had an opportunity to review this Settlement Agreement, and this Settlement Agreement shall not be interpreted against any Party due to the fact that any Party or Party's attorney drafted this Settlement Agreement in whole or in part. All Parties shall be deemed the drafters of this Settlement Agreement.

14. <u>Confidentiality</u>. The Parties agree that the term of this Settlement Agreement shall remain strictly confidential, and shall not be disclosed to any third parties without the prior written consent of all Parties hereto. Notwithstanding the foregoing, disclosure may properly be made absent prior written authorization where disclosure is made to any taxing authorities; federal or state authorities; the Parties' own accountants or attorneys; pursuant to a valid subpoena or discovery request; or as otherwise required by a court order.

15. <u>Successors and Assigns</u>. This Settlement Agreement shall be binding upon, and shall inure to the benefit of the Parties hereto and their respective heirs, executors, legal representatives, successors and assigns.

16. <u>Enforcement of Agreement</u>. This Settlement Agreement shall be governed by the laws of the State of New York as to all matters, including, but not limited to, matters of validity, construction, effect and performance, without regard to its conflict of laws rules. The Parties further agree that the Court in the New York Action shall retain jurisdiction to enforce any dispute or controversy concerning any matter relating to this Settlement Agreement.

17. <u>Modification</u>. The terms set forth herein are intended by the Parties as a final expression of their settlement as contained in this Settlement Agreement with respect to such terms and may not be contradicted by evidence of any prior agreement or communication, whether oral or written, or by any contemporaneous oral agreement. The Parties hereto also intend this Settlement Agreement to be a complete and exclusive expression of the terms of their agreement that may not be explained or supplemented by evidence of inconsistent additional terms. This Settlement Agreement may not be altered or modified except by a written instrument executed by all signatories to this Settlement Agreement.

18. <u>Expenses</u>. Each of the Parties hereto shall be responsible for its own expenses, including attorneys' fees, incurred in connection with this Settlement Agreement.

19. <u>Counterparts</u>. This Settlement Agreement may be executed in any number of counterparts, each of which as so executed and delivered shall be an original. All such counterparts shall constitute but one Settlement Agreement, and signatures required hereby may be transmitted by facsimile or by email as a PDF, and signatures so transmitted shall be deemed to be an original signature.

20. <u>Notices</u>. Any notice provided to a Party pursuant to this Agreement shall be provided to such Party's address listed below and shall be deemed to have been given (i) when physically received by personal delivery (which shall include the receipt via facsimile or email), or (ii) three business (3) days after being deposited in United States first class mail, postage prepaid, or (iii) one business (1) day after being deposited with, or for overnight delivery by a nationally known commercial courier service (such as FedEx, DHL, or UPS) addressed to the Parties at the following addresses:

To:   Duracell

        Duracell U.S. Operations, Inc.,
        Duracell Distributing, Inc.
        c/o Jeffrey P. Mueller
        Day Pitney LLP
        242 Trumbull Street
        Hartford, CT 06103; and

        Duracell U.S. Operations, Inc.,
        Duracell Distributing, Inc.
        c/o Gary Hood
        General Counsel
        181 West Madison Street
        Chicago, IL 60602

To:    K R Trading LLC

        K R Trading LLC
        c/o Michael Pocchio Jr., Esq.
        625 Hwy 27
        Iselin, NJ 08830

        K R Trading LLC
        3 Kellogg Court
        Edison, NJ, 08817

21.    <u>Recitations</u>. The recitals and representations set forth above and in this Settlement Agreement are true and correct and are specifically and fully incorporated herein.

22.    <u>Effective Date</u>. The "Effective Date" of this Settlement Agreement shall be the date the last Party signs this Settlement Agreement.

23.    <u>Joint Drafting; Construction</u>. This Settlement Agreement shall be deemed and treated as drafted jointly by all the Parties, and no term, condition or provision of this Settlement Agreement shall be construed more strictly against any Party. Whenever used herein, the singular number shall include the plural, the plural the singular, and the use of any gender shall include all genders.

24.    <u>Captions</u>. The captions in this Settlement Agreement are for reference only, and shall not affect interpretation of this Settlement Agreement.

25.    <u>Litigation</u>. If any legal action or other proceeding, including but not limited to any trial proceeding or appellate proceeding, is brought for the enforcement of this Settlement Agreement, or because of any alleged dispute, including but not limited to any breach, infringement, default, and/or misrepresentation, in connection with any provision of this Settlement Agreement, or any attendant document, then the successful or prevailing Party shall

be entitled to recover all costs incurred, including all reasonable attorneys' and legal assistants' fees and costs before trial, at trial, and on appeal, and in any bankruptcy or creditor's reorganization proceedings with waiver of any notice in addition to any other relief to which such Party may be entitled.

**IN WITNESS WHEREOF**, the undersigned, being duly authorized, has caused this Settlement Agreement and Mutual Release to be executed as of date indicated below.

**Duracell U.S. Operations, Inc.**

By: *[signature]*

Name: Leo J. White

Title: Assistant Secretary

Date: April 30, 2018

**Duracell Distributing, Inc.**

By: *[signature]*

Name: Leo J. White

Title: Assistant Secretary

Date: April 30, 2018

**K R Trading LLC**

By: *[signature]*

Name: SANJAYKUMAR Patel

Title: Managing Member

Date: 4/12/18

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X
DURACELL U.S. OPERATIONS, INC.,

        Plaintiff,

v.

K R TRADING LLC,

        Defendant.
-----------------------------------------------------------X

**NOTICE OF SETTLEMENT AND MOTION FOR ENTRY OF CONSENT DECREE**

No. 2:17-CV-06923-DRH-AYS

PLEASE TAKE NOTICE that, upon the annexed affirmation of Erick M. Sandler affirmed April __, 2018 and upon the complaint herein, Plaintiff Duracell U.S. Operations, Inc. will move this Court, the Honorable Denis R. Hurley, United States District Judge, in the United States Courthouse, 100 Federal Plaza, Central Islip, New York, 11722, on the ___ day of April, 2018 at 9:30 a.m. or as soon thereafter as counsel can be heard, for the entry of a Consent Decree in accordance with the Settlement Agreement executed by the parties in this action.

Dated: April ___, 2018
       Hartford, CT

By: */s/ Erick M. Sandler*
    Erick M. Sandler (ES3922)
    DAY PITNEY LLP
    242 Trumbull Street
    Hartford, CT 06103
    Phone: (860) 275-0100
    Fax: (860) 275-0343
    Email: emsandler@daypitney.com

*Attorney for Duracell U.S. Operations, Inc.*

To:    K R Trading LLC
       c/o Michael Pocchio Jr., Esq.
       625 Hwy 27
       Iselin, NJ 08830

       K R Trading LLC
       3 Kellogg Court
       Edison, NJ, 08817

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------X
DURACELL U.S. OPERATIONS, INC.,

           Plaintiff,

v.

K R TRADING LLC,

           Defendant.
-------------------------------------------------X

**AFFIRMATION IN SUPPORT OF NOTICE OF SETTLEMENT AND MOTION FOR ENTRY OF CONSENT DECREE**

No. 2:17-CV-06923-DRH-AYS

I, Erick M. Sandler, hereby declare as follows:

1. I am an attorney for Plaintiff Duracell U.S. Operations, Inc. ("Duracell").

2. Duracell hereby notifies the Court that it has reached a settlement of this action with Defendant K R Trading LLC ("KR") and moves the Court to enter a Consent Decree.

3. This motion for entry of a Consent Decree represents part of Duracell and KR's settlement and shall not be considered an admission of fault or liability by any party.

4. Except for the relief provided by the Consent Decree, and subject to the entry of the Consent Decree, Duracell agrees to dismiss with prejudice all other claims in this action against KR.

5. For purposes of the Consent Decree, the term "Unauthorized Duracell Batteries" shall mean: (a) any products bearing any unauthorized reproduction, counterfeit, copy, or colorable imitation of any of the Duracell Trademarks; (b) all bulk-packaged (i.e., in large cartons with loose batteries) Duracell-branded batteries, including but not limited to, OEM batteries labeled "Original Equipment Accessory," "Not for Retail Sale," or other similar words indicating that the batteries are not intended for sale to retail customers; (c) batteries made by or for Duracell that are intended solely for industrial and professional use, labeled "Not for Retail

Trade," "Professional," "Industrial," "PROCELL," or similar words indicating that the batteries are not intended for sale to retail customers; (d) batteries made by or for Duracell that are intended for sale only in foreign markets, as indicated by markings or labelling on the batteries or their associated packaging (at present indicated by a foreign manufacturing location in addition to one or more of the following: a lack of United States customer service contact information on product packaging; the presence of an image of a bunny, rabbit, or bear on product packaging or labelling, or the Duracell Ultra® trademark on the battery); and (e) any Duracell-branded batteries that have been repackaged or are otherwise being sold in any manner outside of their original retail packaging.

6. KR and its members, officers, agents, servants, employees, owners, representatives, and all others in active concert or participation with KR, shall cease and permanently refrain from advertising, selling, or facilitating the advertisement or sale of, via the Internet or otherwise, any Unauthorized Duracell Batteries.

7. KR shall pay Duracell the sum of five hundred dollars ($500.00).

8. This Court shall retain jurisdiction to enforce the terms of the parties' settlement agreement and the Consent Decree.

WHEREFORE, Duracell respectfully requests that this Court enter a Consent Decree in the form submitted herewith.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information, and belief.

Dated: Hartford, Connecticut
April ___, 2018

By: _____
Erick M. Sandler (ES3922)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Phone: (860) 275-0100
Fax: (860) 275-0343
Email: emsandler@daypitney.com

*Attorney for Duracell U.S. Operations, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------X
DURACELL U.S. OPERATIONS, INC.,

    Plaintiff,

v.

K R TRADING LLC,

    Defendant.
----------------------------------------------------X

**[PROPOSED] CONSENT DECREE**

No. 2:17-CV-06923-DRH-AYS

This matter, having come before the Court on the Notice of Settlement and Motion for Entry of Consent Decree filed by Plaintiff Duracell U.S. Operations, Inc. ("Duracell"),

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant K R Trading LLC ("KR"), and its members, officers, agents, servants, employees, owners, representatives, and all others in active concert or participation with KR, shall cease and permanently refrain from advertising, selling, or facilitating the advertisement or sale of, via the Internet or otherwise, any Unauthorized Duracell Batteries. For purposes of the Consent Decree, the term "Unauthorized Duracell Batteries" shall mean: (a) any products bearing any unauthorized reproduction, counterfeit, copy, or colorable imitation of any of the Duracell Trademarks; (b) all bulk-packaged (i.e., in large cartons with loose batteries) Duracell-branded batteries, including but not limited to, OEM batteries labeled "Original Equipment Accessory," "Not for Retail Sale," or other similar words indicating that the batteries are not intended for sale to retail customers; (c) batteries made by or for Duracell that are intended solely for industrial and professional use, labeled "Not for Retail Trade," "Professional," "Industrial," "PROCELL," or similar words indicating that the batteries are not intended for sale to retail customers; (d) batteries made by or for Duracell that are intended for sale only in foreign markets, as indicated

by markings or labelling on the batteries or their associated packaging (at present indicated by a foreign manufacturing location in addition to one or more of the following: a lack of United States customer service contact information on product packaging; the presence of an image of a bunny, rabbit, or bear on product packaging or labelling, or the Duracell Ultra® trademark on the battery); and (e) any Duracell-branded batteries that have been repackaged or are otherwise being sold in any manner outside of their original retail packaging;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant K R Trading shall pay Duracell the sum of five hundred dollars ($500.00);

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, except for the relief provided by this Consent Decree, all of Duracell's other claims against KR in this action are dismissed with prejudice;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction to enforce the terms of the parties' Settlement Agreement and this Consent Decree.

APPROVED AS TO FORM AND CONTENT:

_____
Erick M. Sandler
Counsel for Plaintiff

_____
Michael Pocchio Jr.
Counsel for Defendant

Dated this ___ day of _____, 2018.

_____
THE HONORABLE DENIS R. HURLEY
UNITED STATES DISTRICT JUDGE